UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW RANACIS, Derivatively on Behalf of TARGET CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, DIMITRI L. STOCKTON, MELANIE L. HEALEY, and MARY E. MINNICK,<br><br>Individual Defendants,<br><br>-and-<br><br>TARGET CORPORATION,<br><br>Nominal Defendant. | Civil Action No.: 0:25-cv-02743NEB-SGE |

**PLAINTIFF'S MOTION AND [PROPOSED] ORDER FOR VOLUNTARY DISMISSAL**

Plaintiff, Andrew Ranacis, by and through his undersigned counsel, hereby requests voluntary dismissal of the above-captioned shareholder derivative (the "Action") brought on behalf of Nominal Defendant Target Corporation ("Target") against defendants Brian C. Cornell, David P. Abney, Douglas M. Baker, Jr., George S. Barrett, Gail K. Boudreaux, Robert L. Edwards, Donald R. Knauss, Christine A. Leahy, Monica C. Lozano, Grace Puma, Derica W. Rice, Dmitri L. Stockton, Melanie L. Healey, and Mary E. Minnick (collectively and together with Target, "Defendants") pursuant to Rules 23.1 and 41 of the Federal Rules of Civil Procedure.

On July 1, 2025, Plaintiff filed his Verified Shareholder Derivative Complaint. ECF No. 1.

On July 17, 2025, Defendants filed a Motion to Dismiss or, in the Alternative, Defendants' Unopposed Motion to Stay (the "Motion to Dismiss"). ECF No. 33.

Plaintiff hereby seeks to voluntarily dismiss the Action to pursue alternative remedies under Minnesota state law. Voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is proper because Defendants have served neither an answer nor a motion for summary judgment in the Action.

Notice of this dismissal pursuant to Federal Rule of Civil Procedure 23.1(c) is not necessary because: (i) Plaintiff plans to continue pursuing claims substantially similar to, or the same as, those asserted in the Action on behalf of the Company; (ii) there has been no settlement or compromise of this Action; (iii) there has been no collusion among the Parties; (iv) no payment has been made or will be paid to any party or their counsel in connection with the voluntary dismissal; and (v) the voluntary dismissal is made without prejudice and therefore will not have any preclusive effect on any other action or Target shareholder to pursue claims.

In addition, there have been no decisions on dispositive motions in the Action. Target shareholders therefore will not be prejudiced by the Action's dismissal. *See Ce-1709 Midland Trail Shelbyville KY, LLC v. Redstone, LLC*, C.A. No. 22-22213-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 251695, at *13 (S.D. Fla. Nov. 18, 2022) (holding that Rule 23.1(c)'s notice requirement is excused because a plaintiff "may drop the claims before any dispositive motions that could prejudice the claims have been decided on the merits"); *Lamb v. XTO Energy, Inc.*, C.A. No. 4:13-CV-1025-L, 2014 U.S. Dist. LEXIS 137411, at *5-6 (N.D. Tex. Sep. 29, 2014) (determining there was no risk of prejudice because "no answers or summary judgment [motion]s

ha[d] been filed, and there ha[d] been no decisions on the merits of [p]laintiff's claims or the matters raised in [d]efendants' motions to dismiss").

Finally, a related consolidated shareholder derivative action is currently pending in the U.S. District Court for the Middle District of Florida captioned *In re Target Corp. Shareholder Derivative Litigation*, Case No. 2:25-cv-00021-JLB-KCD (M.D. Fla.), that alleges identical or substantially similar claims on behalf of Target as the Action. As such, Target shareholders will not suffer any prejudice from voluntary dismissal of the Action since the claims will continue to be pursued in that matter.

Accordingly, Plaintiff respectfully requests that: (i) the Action be voluntarily dismissed without prejudice pursuant to Rules 23.1(c) and 41(a)(2) of the Federal Rule of Civil Procedure; and (ii) notice is not required under Federal Rule of Civil Procedure 23.1(c).

Plaintiff has conferred with counsel for Defendants who oppose the relief sought by this Motion.

In connection with this Motion for Voluntary Dismissal, Plaintiff respectfully requests that all dates in connection with the Motion to Dismiss be vacated and taken off the Court's calendar.

DATED: August 19, 2025                    Respectfully submitted,

**WARNER LAW, LLC**
*a Professional Limited Liability Company*

By: */s/ George E. Warner, Jr.*
George E. Warner, Jr. (#222719)
120 South Sixth Street, Suite 1515
Minneapolis, Minnesota 55402
Telephone: (952) 922-7700
Email: george@warnerlawmn.com

Melissa A. Fortunato (admitted *pro hac vice)*
Marion C. Passmore (admitted *pro hac vice*)
**BRAGAR EAGEL & SQUIRE, P.C.**
810 Seventh Avenue, Suite 620

3

New York, NY 10019
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
Email: Fortunato@bespc.com
      Passmore@bespc.com

Ligaya T. Hernandez (admitted *pro hac vice*)
**BRAGAR EAGEL & SQUIRE, P.C**.
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (646) 860-9155
Facsimile: (212) 214-0506
Email: Hernandez@bespc.com

*Attorneys for the Plaintiff*

**IT IS SO ORDERED** this \_\_\_\_\_ day of _____, 2025

_____
Honorable Nancy E. Brasel
UNITED STATES DISTRICT JUDGE