# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW RANACIS, Derivatively on Behalf of TARGET CORPORATION,<br><br>                Plaintiff,<br><br>     v.<br><br>BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, DIMITRI L. STOCKTON, MELANIE L. HEALEY, and MARY E. MINNICK,<br><br>                Individual Defendants,<br><br>   -and-<br><br>TARGET CORPORATION,<br><br>                Nominal Defendant. | Civil Action No.: 0:25-cv-02743-NEB-SGE |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................6

ARGUMENT ...........................................................................................................9

    I.    Defendants Will Not Suffer "Plain Legal Prejudice"
        If Voluntary Dismissal Is Granted ................................................9

    II.   Plaintiff Does Not Face an "Imminent Adverse Ruling" on the Motion to Dismiss .....12

    III.  The Issue of the Proper Forum Is Already Briefed and Awaiting
         Decision in the Florida District Court ...........................................15

    IV.  There Was Never An Agreement On a Dismissal of Demand Futility
         With Prejudice Beyond Plaintiff Only .........................................16

    CONCLUSION ........................................................................................17

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page**

*Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*,
    931 F.2d 1411 (10th Cir. 1991) ............................................................................... 12

*Arduini v. Hart*,
    774 F.3d 622 (9th Cir. 2014) .................................................................................. 8

*Armstrong v. Adams*,
    869 F.2d 410 (8th Cir. 1989) ................................................................................. 11

*Bergman v. De Smet Jesuit High Sch., Inc.*,
    No. 4:25-CV-00313-SPM, 2025 U.S. Dist. LEXIS 97797 (E.D. Mo. May 22, 2025) ............ 14

*Burke v. Timely Disbursements Pension & Profit Sharing Tr. Fund*,
    No. 4:13-CV-1677 CAS, U.S. Dist. LEXIS 31148 (E.D. Mo. Mar. 11, 2014) ................. 12, 13

*Cal. State Teachers' Ret. Sys. v. Alvarez*,
    179 A.3d 824 (Del. 2018) ...................................................................................... 8

*Ce-1709 Midland Trail Shelbyville KY, LLC v. Redstone, LLC*,
    C.A. No. 22-22213-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 251695
    (S.D. Fla. Nov. 18, 2022)...................................................................................... 9

*Contreras v. Foster Elec. (U.S.A.), Inc.*,
    No. EP-21-CV-120-DB, 2022 U.S. Dist. LEXIS 27363 (W.D. Tex. Feb. 15, 2022) .............. 14

*In re Fed. Election Campaign Act Litig.*,
    474 F. Supp. 1051 (D.D.C. 1979) ............................................................................ 13

*Franklin v. Pinnacle Entm't, Inc.*,
    No. 4:12-CV-307 CAS, 2013 U.S. Dist. LEXIS 96104 (E.D. Mo. July 10, 2013) ................ 12

*Graham v. Mentor Worldwide LLC*,
    998 F.3d 800 (8th Cir. 2021) ................................................................................. 15

*In re Hawaiian Electric Industries, Inc.*,
    No. 23-cv-06627-JSC, 2025 U.S. Dist. LEXIS 17231 (N.D. Cal. Jan. 30, 2025) ............. 14, 15

*Hoffmann v. Alside, Inc.*,
    596 F.2d 822 (8th Cir. 1979) ................................................................................. 11

*Kern v. TXO Prod. Corp.*,
    738 F.2d 968 (8th Cir. 1984) .......................................................................... 10, 12, 14, 16

*Lamb v. XTO Energy, Inc.*,
  C.A. No. 4:13-CV-1025-L, 2014 U.S. Dist. LEXIS 137411 (N.D. Tex. Sep. 29, 2014) .......... 9

*Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace*,
  999 F.2d 1257 (8th Cir. 1993) ..................................................................... 10, 13, 15

*Mullen v. Heinkel Filtering Sys., Inc.*,
  770 F.3d 724 (8th Cir. 2014) .................................................................................. 15

*Murray v. Marchbanks*,
  No. 4:16-CV-198 SNLJ, 2017 U.S. Dist. LEXIS 93720 (E.D. Mo. June 19, 2017) ............... 15

*In re Nine W. LBO Sec. Litig.*,
  505 F. Supp. 3d 292 (S.D.N.Y. 2020) ........................................................................ 7

*Robles v. Ad. Sounding Co. Inc.*,
  77 F. App'x 274 (5th Cir. 2003)) .............................................................................. 14

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) ................................................................................... 12

*St. Paul Fire & Marine Ins. Co. v. Casualty Reciprocal Exchange*,
  118 F.R.D. 480 (W.D. Ark. 1987) ............................................................................ 12

*United States ex rel. Vaughn v. United Biologics, L.L.C.*,
  907 F.3d 187 (5th Cir. 2019) ................................................................................... 14

*In re Walt Disney Co. Derivative Litig.*,
  C.A. No. 15452, 1997 Del. Ch. LEXIS 25 (Ch. Mar. 13, 1997) ............................................ 15

*Watson v. Clark*,
  716 F. Supp. 1354 (D. Nev. 1989),
  *aff'd*, 909 F.2d 1490 (9th Cir. 1990) ....................................................................... 13

**Other Authorities**

8 Moore's Federal Practice § 41.40[10][a] ........................................................................... 12

9 Charles A. Wright & Arthur R. Miller,
  Federal Practice and Procedure § 2364 at 165 (1971)) ............................................... 12

Plaintiff, Andrew Ranacis[1] ("Plaintiff"), respectfully submits this reply in support of his Motion and [Proposed] Order for Voluntary Dismissal (the "Motion") without prejudice. ECF No. 49.

## PRELIMINARY STATEMENT

Defendants oppose the Motion (the "Opposition" or "Opp.") (ECF No. 54) because Defendants want the dismissal to be with prejudice as to the issue of demand on Target's Board of Directors (the "Board") so they can use that unadjudicated determination in a different derivative action that is pending in another jurisdiction.[2]  Rather than accept the voluntary dismissal, Defendants ask the Court to deny the Motion and resume the briefing on Defendants' Motion to Dismiss the Action.  Opp. at 21.

Defendants claim that they will be prejudiced if the Motion is granted because they may have to litigate the demand futility issue in another case.  Defendants' Opposition makes it clear that they are really focused on the Florida Derivative Action, so they can use a dismissal with prejudice as to the issue of demand futility in this Action to argue it has a preclusive effect on the Florida Derivative Action.  Defense counsel stated as much during the meet and confer process leading up to the filing of the Motion.  Fortunato Dec. at ¶ 11.  Put simply, Defendants' goal in opposing the Motion and asking that the Court dismiss the Action with prejudice as to the issue of

---

[1]  As explained in the September 12, 2025 letter to the Court (ECF No. 58), Plaintiff advised counsel on September 3, 2025, that he had decided to no longer pursue this derivative action (the "Action") or any further remedies related to the wrongdoing alleged in the Verified Stockholder Derivative Complaint filed on July 1, 2025 (ECF No. 1).  *See also* Declaration of Melissa Fortunato in Support of Plaintiff's Reply in Support of Motion for Vountary Dismissal ("Fortunato Dec.") at ¶ 15.  Counsel sent a draft of these papers to Plaintiff on September 18, 2025, but received no response.

[2]  The related derivative action is pending in the U.S. District Court for the Middle District of Florida (the "Florida Court") and is captioned, *In re Target Corp. Shareholder Derivative Litigation*, Case No. 2:25-cv-00021-JLB-KCD (M.D. Fla.) (the "Florida Derivative Action").

demand futility has always been to try to obtain a ruling on the merits of their pending motion to dismiss without any argument.

Despite defense counsel's unfounded assertion, no threats were issued against Plaintiff regarding the terms of his voluntary dismissal. Counsel for plaintiffs in the Florida Derivative Action notified Plaintiff's counsel that they intended to intervene in the Action so that their action could proceed first, and Plaintiff's counsel informed them that Plaintiff planned to voluntarily dismiss, so intervention may be unnecessary. Fortunato Decl. ¶ 6. Ultimately, Plaintiff's counsel conveyed to counsel for plaintiffs in the Florida Derivative Action that the parties in the Action were unable to reach an agreement on the terms of the voluntary dismissal and that it would therefore be opposed by Defendants.

In reality, although Plaintiff has solid legal arguments in opposition to Defendants' motion to dismiss, Plaintiff advised Defendants' counsel that they would agree to voluntarily dismiss the Action, and proceed with sending a litigation demand, which Defendants argued was the proper course of action anyway in their motion to dismiss. *See* ECF No. 33. As demonstrated by the emails and drafts attached to the Declaration of Alexander J. Rodney In Support of Target and Defendants' Opposition to Plaintiff's Motion for Voluntary Dismissal ("Rodney Decl.") (ECF No. 55), Plaintiff was amendable to dismissing with prejudice as to demand futility, but *only as to Plaintiff*, because at that time, Plaintiff planned to send a litigation demand. The parties met and conferred over the course of two weeks in an attempt to reach an agreement on language for an unopposed voluntary dismissal, but Defendants would not agree to the qualifier "as to Plaintiff only" and Plaintiff saw no basis to dismiss the unadjudicated issue of demand futility with prejudice in a representative derivative action. At no point did Plaintiff change his position on this point. Plaintiff remains amenable to voluntarily dismissing the Action with prejudice to Plaintiff

only as to the issue of demand futility, but as a representative of Target, it is not Plaintiff's claim to globally release by way of a voluntary dismissal on that contested issue.[3]

Defendants accuse Plaintiff of forum shopping, when all he is trying to do is exit a case he no longer wishes to prosecute. In reality, it is Defendants who are forum shopping, by trying to use their Opposition to gain an advantage in the Florida Derivative Action because they think they will get a more favorable ruling on a motion to dismiss here. The Court should decline to encourage such gamesmanship.

## SUMMARY OF THE ARGUMENT

The Motion should be granted for the following reasons. First, before Plaintiff's deadline to respond to Target's motion to dismiss and *prior to* an answer or motion for summary judgment having been filed, Plaintiff filed the Motion pursuant to Rules 41 and 23 of Federal Rules of Civil Procedure, because Plaintiff is no longer interested in pursuing the Action. Defendants oppose the very relief they seek in asking this Court to resume the schedule on their motion to dismiss. This would be a waste of both the Company and the Court's time and resources. And, as noted, Plaintiff has become uncommunicative, which is a barrier to continued briefing on the motion to dismiss.

Second, it was Defendants' overreach that prevented an agreement between the parties on the terms of a voluntary dismissal in the first instance. Plaintiff was agreeable to dismissing the Action without prejudice as to the merits of Plaintiff's claims and dismiss the issue of demand futility with prejudice as to *only Plaintiff* — as that is all Plaintiff can legally do. However, this would not accomplish Defendants' goal of having the Court effectively rule on the merits of their

---

[3] *See In re Nine W. LBO Sec. Litig.*, 505 F. Supp. 3d 292, 307-08 (S.D.N.Y. 2020) ("[C]ourts regularly treat dismissal of a derivative suit on demand grounds as binding on other shareholders, even though such a dismissal necessarily occurs before the plaintiffs obtained derivative standing.") (collecting cases).

motion to dismiss without argument. *See* Rodney Decl., Ex. D at 7 (redline of Plaintiff's [Proposed] Order for Voluntary Dismissal in which Defendants' inserted, "in light of the arguments Defendants' [sic] presented in their motion to dismiss with respect to the issue of demand futility...."). Instead, Defendants demanded that Plaintiff seek a complete dismissal with prejudice as to demand futility. A complete dismissal with prejudice as to demand futility, however, could bind other stockholders who wish to pursue derivative claims on behalf of Target

While the question is unsettled, "the majority of courts that have addressed this issue have held that shareholders asserting derivative suits are in privity." *Arduini v. Hart*, 774 F.3d 622, 633 (9th Cir. 2014) (collecting cases); *Cal. State Teachers' Ret. Sys. v. Alvarez*, 179 A.3d 824, 847 (Del. 2018) (Though not a formal "representative" of other stockholders at this stage because the real party in interest is the corporation, differing groups of stockholders who seek to control the corporation's cause of action share the same interest and therefore are in privity.). Even if the Florida Derivative Action was not pending, as a representative plaintiff, that is a position Plaintiff could not take, and thus unable to come to an agreement with Defendants, Plaintiff filed the Motion. Defendants' assertion that plaintiffs in the Florida Derivative Action "threatened"[4] Plaintiff and that is the reason he refused to agree to dismiss with prejudice as to demand futility is patently false. Rather, it was because Defendants were demanding that Plaintiff dismiss the demand futility claim in a way that would prejudice Target and Target shareholders.

Third, Defendants disingenuously claim that Plaintiff only filed the Motion to avoid an "imminent" adverse ruling. Opp. at 9. In making this argument, Target conveniently ignores that the Florida Court, presiding over the related securities class action captioned *Craig et al. v. Target*

---

[4] It is unclear from the Opposition what these so-called threats were.

*Corp. et al.*, Case No. 2:23-cv-599-JLB-KCD[5] (the "*Craig* Action") upon which the breaches of fiduciary duty and violations of federal law in this Action are predicated, *denied* Target's motion to dismiss in its entirety. *Craig* Action, ECF No. 102. All of the Individual Defendants in the Action are named as defendants in the *Craig* Action, in which the Florida Court held, under the heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"), that they knowingly disseminated the same false and misleading statements at issue in the Action. Given this ruling and the substantial likelihood of liability the Individual Defendants face, Plaintiff would have presented valid legal arguments had he chosen to oppose the motion to dismiss, and dismissal in these circumstances is far from certain. Plaintiff's choice to voluntarily dismiss in favor of sending a litigation demand is in no way a concession that he had no defense to Defendants' motion to dismiss.

Finally, no party will be prejudiced if the Motion is granted. Target shareholders will not be prejudiced because there have been no decisions on dispositive motions and Defendants have not answered the complaint or moved for summary judgment. *See Ce-1709 Midland Trail Shelbyville KY, LLC v. Redstone, LLC*, C.A. No. 22-22213-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 251695, at *13 (S.D. Fla. Nov. 18, 2022) (holding that Rule 23.1(c)'s notice requirement is excused because a plaintiff "may drop the claims before any dispositive motions that could prejudice the claims have been decided on the merits"); *Lamb v. XTO Energy, Inc.*, C.A. No. 4:13-CV-1025-L, 2014 U.S. Dist. LEXIS 137411, at *5-6 (N.D. Tex. Sept. 29, 2014) (determining there was no risk of prejudice because "no answers or summary judgment[] [motions] ha[d] been filed, and there ha[d] been no decisions on the merits of [p]laintiff's claims or the

---

[5] That action was subsequently consolidated into *In Re Target Corp. Securities Class Action Litigation*, Case No. 2:25-cv-00135-JLB-KCD (the "Securities Class Action").

matters raised in [d]efendants' motions to dismiss").  In addition, the Florida Derivative Action alleges identical or substantially similar claims on behalf of Target as alleged in the Action. Likewise, Defendants will not be unfairly affected by a voluntary dismissal.  *See Metro. Fed. Bank, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993).  Indeed, granting the Motion will save Defendants from litigating nearly identical claims in two separate forums.

At bottom, Defendants are trying to use their Opposition to the Motion to their advantage by trying to force the Florida Derivative Action to be litigated here, which Defendants view as a more favorable forum.  Currently pending before the Florida Court are Defendants' motions to transfer the Securities Class Action and the Florida Derivative Action from the Florida Court to this Court.  Opposing the voluntary dismissal of this Action without prejudice while the issue of venue is *sub judice* wastes the resources of both this Court and the Florida Court and risks inconsistent adjudications.  Judicial economy weighs heavily in favor of dismissing this Action and resolving venue through Defendants' pending motion in the Florida Derivative Action. Plaintiff's Motion should be granted.

## ARGUMENT

### I.    Defendants Will Not Suffer "Plain Legal Prejudice" If Voluntary Dismissal Is Granted

"Motions to dismiss without prejudice are addressed to the sound discretion of the district courts."  *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (affirming Rule 41(a)(2) voluntary dismissal despite that plaintiff had presented several witnesses at trial and trial judge had indicated that a directed verdict for defendant should be expected).  Voluntary dismissal requests similar to the Motion are routinely requested and granted in derivative cases in courts around the country.  *See, e.g., Coffey v. Thomas et al.*, Case No. 1:25-cv-02242-LGS (S.D.N.Y.) (ECF No. 12); *McMillan v. Telephone and Data Sys., Inc. et al.*, Case No. 1:25-cv-2286 (N.D. Ill.)

(ECF No. 30); *Goh v. Ittycheria, et al.*, Case No. 1:24-cv-09245 (S.D.N.Y.) (ECF No. 3); *Tagliareni v. Bronczek et al.*, Case No. 1:19-cv-08723-RA (S.D.N.Y.) (ECF No. 38); *Sanchez v. Atwood et al.*, Case No. 1:16-cv-00407-CBS (D. Colo.) (ECF No. 8); *In re Embark Tech., Inc. Deriv. Litig.*, Case No. 3:22-cv-05455-JSC (N.D. Cal.) (ECF No. 41); *Velasco v. Whall et al.*, Case No. 9:18-cv-81219-DMM (S.D. Fla.) (ECF No. 35); *Monts v. O'Rourke et al*., Case No. 1:18-cv-01443-MAD-DJS (N.D.N.Y.) (ECF No. 56); *Moncavage v. Faris et al.*, Case No. 9:14-cv-81378-KAM (S.D. Fla.) (ECF No. 7); *Weiss v. Moynihan et al.*, Case No. 3:23-cv-03851-RK-JBD (D.N.J.) (ECF No. 13); *Pickney v. Icahn Enters., G.P. Inc. et al.*, Case No. 1:23-cv-22932-KMW (S.D. Fla.) (ECF No. 36); *Jie Yuan et al. v. Thanh H. Lam et al.*, Case No. 2:19-cv-01748-TJH-AJR (C.D. Cal.) (ECF No. 56); *Suri v. Kelly et al.*, Case No. 4:22-cv-02080-KAW (N.D. Cal.) (ECF No. 34); *Gaa v. Gilbert et al.*, Case No. 1:25-cv-11908-TLL-APP (E.D. Mich.) (ECF No. 7); *Elliot v. Le GP LLC et al.*, Case No. 3:22-cv-01527-B (N.D. Tex.) (ECF No. 15); *Gavin v. Jones et al.*, Case No. 1:24-cv-01331-RP (W.D. Tex) (ECF No. 32).

To overcome Plaintiff's decision to voluntarily dismiss the Action, the Eighth Circuit has instructed that such a motion should be granted unless a defendant will suffer "plain legal prejudice." *See Armstrong v. Adams*, 869 F.2d 410, 414 (8th Cir. 1989) ("To set aside a voluntary dismissal under Fed. R. Civ. P. 41(a), [a defendant] must demonstrate plain legal prejudice arising from the dismissal."). To demonstrate the required level of prejudice, a defendant must show more than that the plaintiff will gain a tactical advantage as a result of its action. *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (*per curiam)*.

As noted, Plaintiff informed counsel on September 3, 2025, that he no longer wishes to participate in the Action or pursue other remedies related to the wrongdoing alleged in the Action and has been incommunicative ever since. Thus, he will not be refiling his claims in another

forum, nor will he be sending a litigation demand to Target's Board of Directors. Nevertheless, the fact that Plaintiff originally intended to make a litigation demand, which may or may not have resulted in him filing a new action based on the Board's response to the demand, does not constitute prejudice. Opp. at 12, fn.6; *see St. Paul Fire & Marine Ins. Co. v. Casualty Reciprocal Exchange*, 118 F.R.D. 480, 483 (W.D. Ark. 1987) ("'The general practice of the federal courts is to permit voluntary dismissal, 'unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'") (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 at 165 (1971)); *Kern*, 738 F.2d at 970 ("prejudice in this context [means] 'something other than the necessity that defendant might face of defending another action.'"); *Franklin v. Pinnacle Entm't, Inc.*, No. 4:12-CV-307 CAS, 2013 U.S. Dist. LEXIS 96104, at *3 (E.D. Mo. July 10, 2013) (granting voluntary dismissal because "the mere prospect of a second lawsuit following a voluntary dismissal without prejudice does not constitute plain legal prejudice"); *Burke v. Timely Disbursements Pension & Profit Sharing Tr. Fund*, No. 4:13-CV-1677 CAS, U.S. Dist. LEXIS 31148, at *10 (E.D. Mo. Mar. 11, 2014) (same). *See also Franklin*, 2013 U.S. Dist. LEXIS 96104, at *3-4 ("As a general rule, 'Courts impose few or no conditions [on a voluntary dismissal without prejudice] early in a case when the defendant faces, at most, the mere prospect of relitigation[.]'" (citing 8 Moore's Federal Practice § 41.40[10][a]). The result would be the same if Plaintiff had planned to refile in Minnesota state court. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) ("[T]he need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court."); *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state

law is involved.").

Here, it is clear that Defendants goal in opposing the Motion is to obtain a ruling as to demand futility so that it can be used in the Florida Derivative Action, where Defendants have also filed a motion to dismiss. Opp. at 14. Defendants confirmed this to Plaintiff. Fortunato Decl. ¶ 11; *see also* Rodney Decl., Ex. E ("it's particularly important that we obtain a ruling on demand futility"). However, Defendants' "missed opportunity for a legal ruling is not sufficient prejudice to warrant the denial of a motion for voluntary dismissal." *In re Fed. Election Campaign Act Litig.*, 474 F. Supp. 1051, 1052 (D.D.C. 1979); *Watson v. Clark,* 716 F. Supp. 1354, 1355 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990) ("Neither does plain legal prejudice arise from defendant's missed opportunity for a legal ruling on the merits."). And, "[t]he fact that defendants filed a dispositive motion does not preclude dismissal without prejudice . . . ." *Burke*, 2014 U.S. Dist. LEXIS 31148, at *10 (citing *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace,* 999 F.2d 1257, 1262 (8th Cir. 1993)). Accordingly, since the Motion will not result in "plain legal prejudice" to Defendants, it should be granted.

## II.     Plaintiff Does Not Face an "Imminent Adverse Ruling" on the Motion to Dismiss

Defendants' Opposition also hinges on the false assumption that Plaintiff sought dismissal because of an "imminent adverse ruling" on Defendants' pending motion to dismiss. Opp. at 9. There is nothing to indicate that Plaintiff faced a certain unfavorable ruling. All of the Individual Defendants are named as defendants in the *Craig* Action (ECF No. 1, ¶¶ 17-30), which alleges substantially the same false and misleading statements that are alleged in the Action, and where the Florida Court *denied* the motion to dismiss in the *Craig* Action. In denying the motion to dismiss, the court in the *Craig* Action made these findings under a much more onerous standard applied to securities complaints, the PSLRA. Therefore, these same statements in the Action would easily meet the more lenient standard applied in evaluating the Complaint, especially where

all reasonable inferences are to be drawn in Plaintiff's favor. Accordingly, the fact that the Action and the *Craig* Action are based on the same false and misleading statements, and the Individual Defendants are the same defendants against whom the court in the *Craig* Action upheld violations for federal securities law as properly pled, nullifies any suggestion that an imminent adverse ruling was guaranteed.

Moreover, Defendants' motion to dismiss has not been fully briefed nor ruled upon by the Court, making the supposed "adverse decision" even less "imminent." *Bergman v. De Smet Jesuit High Sch., Inc.*, No. 4:25-CV-00313-SPM, 2025 U.S. Dist. LEXIS 97797, at *7 (E.D. Mo. May 22, 2025) (holding that "no decision adverse to Plaintiff is imminent" since "Defendant has filed a motion for summary judgment, but that motion has not been fully briefed, and its merits have not been considered by the Court"); *see also Kern*, 738 F.2d at 970 (affirming Rule 41(a)(2) dismissal even though plaintiff had presented four of five witnesses at trial and trial judge had indicated in conference that a directed verdict for defendant should be expected).[6]

*In re Hawaiian Electric Industries, Inc.*, No. 23-cv-06627-JSC, 2025 U.S. Dist. LEXIS 17231 (N.D. Cal. Jan. 30, 2025) is instructive and directly on point. There, nominal defendant Hawaiian Electric Industries, Inc. ("HEI") opposed plaintiffs' voluntary dismissal pursuant to Federal Rules of Civil Procedure 41 and 23.1. *Id.* at *3. Like here, *HEI* had previously moved to dismiss or stay the action and, in addition, there were other shareholders who had filed similar derivative actions in Hawaii. *Id.* at *3. But unlike here, the *HEI* plaintiffs there were seeking

---

[6] Additionally, "arguments about imminent adverse decisions are typically flawed in that the movant cannot show what a court will do in the future." *Contreras v. Foster Elec. (U.S.A.), Inc.*, No. EP-21-CV-120-DB, 2022 U.S. Dist. LEXIS 27363, at *5 (W.D. Tex. Feb. 15, 2022). Rather these situations are typically found where, unlike here, "the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal." *Id.* (emphasis in original) (citing *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2019) (citing *Robles v. Ad. Sounding Co. Inc.*, 77 F. App'x 274, 275 (5th Cir. 2003)).

voluntary dismissal to "join with [plaintiffs in the other derivative actions] in Hawaii to pursue the derivative claims on behalf of the Company." *Id.* at *6. The *HEI* court granted voluntary dismissal even though the motions to dismiss had been fully briefed, concluding that dismissal was not done to avoid an adverse ruling. *Id.* at *7 (concluding the caselaw *HEI* relies upon is "distinguishable" where "the dismissal request came *after* a magistrate judge had already issued a report and recommendation on a summary judgment motion") (emphasis original). The *HEI* court further held that "HEI is not prejudiced by the dismissal. Indeed, HEI is currently seeking a stay of this action. With the dismissal it gets more than a stay—it gets a dismissal." *Id*. at *6.[7]

Furthermore, granting the Motion would not result in a waste of judicial time and effort; the Action is at the very earliest of stages, with Defendants having only filed a motion to dismiss, and no discovery has been conducted. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) ("The grant of voluntary dismissal did not result in a waste of judicial time and effort, because the case had not progressed very far. The magistrate judge held two hearings on discovery disputes, but the case was still in the early stages of discovery."); *W.R. Grace*, 999 F.2d at 1262-63 (upholding voluntary dismissal after some discovery had been completed and the

---

[7] The cases Defendants rely upon by are inapposite. In *Murray v. Marchbanks*, No. 4:16-CV-198 SNLJ, 2017 U.S. Dist. LEXIS 93720, at *4 (E.D. Mo. June 19, 2017), voluntary dismissal was sought after defendants had "produced much evidence" and defendants had moved for summary judgment. In *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021), it was clear that plaintiff was attempting to avoid an adverse judgement in an unfavorable forum because the court had already denied plaintiff's motion to remand to state court and defendant had already "provided documentary evidence supporting its preemption claim and was preparing to conduct discovery in anticipation of a motion for summary judgment on that issue." Likewise, in *In re Walt Disney Co. Derivative Litig.*, C.A. No. 15452, 1997 Del. Ch. LEXIS 25, at *8 (Ch. Mar. 13, 1997), an answer had been filed, defendants were moving for judgment on the pleadings, and the plaintiff was attempting forum shopping given he had made the "calculated decision" to file "identical" complaints in both California and Delaware. *Id*. at *7-8. The Delaware Chancery Court, therefore, properly denied voluntary dismissal. *Id.* at *12. None of these cases are on point, as no motion for summary judgment has been filed, no answer has been filed, no discovery has been taken, and Plaintiff is not trying to pursue litigation in a more favorable forum.

defendants had filed a motion for summary judgment); *Kern*, 738 F.2d at 970-71 (upholding voluntary dismissal after the plaintiff had presented all but one witness at trial). Therefore, the Motion should be granted.

### III.    The Issue of the Proper Forum Is Already Briefed and Awaiting Decision in the Florida District Court.

As evidenced by the significant portion of Defendant's Opposition dedicated to what has transpired in the Florida Derivative Action, it is Defendants who are forum shopping, as they see a tactical advantage in proceeding before this Court. To that end, Defendants make arguments that are completely immaterial to the instant Motion regarding why this Court is a better forum than the Florida Court, including that the plaintiffs in the Florida Derivative Action have misrepresented the law on demand futility to the Florida Court, and that the Florida derivative plaintiffs have admitted that they prefer to litigate their action in Florida because Florida is a "nationwide leader in actively opposing DEI." Opp. at 6, 10-11, 14-15. Those arguments, however, have no bearing on the instant Motion. Plaintiff's counsel is not counsel in the Florida Derivative Action and those are positions taken by the Florida derivative plaintiffs, *not* Plaintiff. The stances the Florida derivative plaintiffs have assumed in their own case are immaterial as to the matter of Plaintiff requesting voluntary dismissal of his case.

Moreover, Defendants' motion to transfer the Florida Derivative Action is fully briefed and thus the question of whether Minesota or Florida is a better forum is *sub judice* by the Florida Court, and it would be an inefficient use of judicial resources for this Court to take up the question on forum. Again, in seeking a dismissal with prejudice as to demand futility, Defendants are asking this Court to effectively grant their motion to dismiss pursuant to Rule 23 without briefing so that they can argue that decision is preclusive in the Florida Derivative Action. Denying the Motion and forcing Plaintiff to go forward in litigation, especially now when Plaintiff has decided

he no longer wants to partake in the Action, wastes the resources of both this Court and the Florida Court and risks conflicting adjudications.

## IV.     There Was Never An Agreement On a Dismissal of Demand Futility With Prejudice Beyond Plaintiff Only.

On August 5, 2025, prior to the deadline to respond to Defendants' motion to dismiss, Plaintiff informed Defendants that he intended to make a litigation demand and would therefore be voluntarily dismissing the Action.  Fortunato Decl. ¶ 5.  Pursuant to the meet and confer requirement, Plaintiff asked Defendants if they would oppose the motion to voluntarily dismiss. *Id*.  Defendants contend that Plaintiff agreed to dismiss his complaint with prejudice as to demand futility and then "back-tracked" and "changed his mind."  Opp. at 4.  However, as demonstrated by the exhibits attached to the Rodney Declaration, Plaintiff *never* agreed to a complete dismissal with prejudice as to the issue of demand futility.  The draft motion Plaintiff sent to Defendants on August 12, 2025 demonstrates that Plaintiff agreed to dismissal without prejudice as to the merits of Plaintiff's claims but that the issue of demand futility would be dismissed with prejudice was limited to *only Plaintiff.  See* Rodney Decl., Ex. C. (the draft proposed order stated: "(i) the Action [shall] be voluntarily dismissed pursuant to Rules 23.1(c) and 41(a)(2) of the Federal Rules of Civil Procedure without prejudice as to the merits of the Action **but with prejudice to Plaintiff as to the issue of demand futility** . . . .") (emphasis added).

Dissatisfied with Plaintiff's stance, Defendants inputted red-line changes striking the language that limited the dismissal with prejudice as to Plaintiff only.  *See* Rodney Decl., Ex. D. Plaintiff could not agree.  As explained above, Plaintiff could not legally dismiss with prejudice as to demand futility (unless such dismissal was limited to only Plaintiff ) because the issue of demand futility had never been adjudicated on the merits and a dismissal with prejudice could impact Target shareholders who have filed derivative claims on behalf of Target or Target

shareholders that may in the future file a derivative action related to the wrongdoing alleged in the Action.  As Defendants' redline changes make clear, they were attempting to have the Court effectively rule in their favor on the outstanding motion to dismiss without an opposition or a hearing.  Plaintiff never agreed to concede demand futility in that manner.  Accordingly, unable to come to an agreement during the meet and confer process, Plaintiff ultimately filed the opposed Motion.  However, Plaintiff remains amenable to dismissing with prejudice to Plaintiff as to the issue of demand futility.

Finally, Defendants disingenuously argue that Plaintiff failed to give a "proper explanation" for dismissal, stating that they are unclear of the "alternative remedies" Plaintiff planned to pursue when he filed the Motion.  Opp. at 12.  Defendants are well-informed of the course of action Plaintiff previously intended to carry out.  Plaintiff had discussed with Defendants in multiple phone calls that he planned to make a demand on Target's Board (Fortunato Dec. ¶ 5), and Defendants admit this fact in their Opposition.  Rodney Decl., Ex. E, at ¶ 7.  Accordingly, Plaintiff has presented a proper explanation, namely, that he sought dismissal without prejudice so that he could make a demand on Target's Board.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Action be dismissed without prejudice pursuant to Plaintiff's Motion and accompanying proposed order.  ECF Nos. 49, 53.

DATED: September 19, 2025                    Respectfully submitted,

                                             **BRAGAR EAGEL & SQUIRE, P.C.**

                                             By: _/s/ Melissa A. Fortunato_
                                             Melissa A. Fortunato (admitted *pro hac vice)*
                                             Marion C. Passmore (admitted *pro hac vice*)
                                             810 Seventh Avenue, Suite 620

New York, NY 10019
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
Email: Fortunato@bespc.com
       Passmore@bespc.com

Ligaya T. Hernandez (admitted *pro hac vice*)
**BRAGAR EAGEL & SQUIRE, P.C**.
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (646) 860-9155
Facsimile: (212) 214-0506
Email: Hernandez@bespc.com

*Attorneys for the Plaintiff*

*Local Counsel*

George E. Warner,  Jr. (#222719)
**WARNER LAW, LLC**
*a Professional Limited Liability Company*
120 South Sixth Street, Suite 1515
Minneapolis, Minnesota 55402
Telephone: (952) 922-7700
Email: george@warnerlawmn.com