# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW RANACIS, Derivatively on Behalf of TARGET CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, DIMITRI L. STOCKTON, MELANIE L. HEALEY, and MARY E. MINNICK,<br><br>        Individual Defendants,<br><br>   -and-<br><br>TARGET CORPORATION,<br><br>        Nominal Defendant. | Civil Action No.: 0:25-cv-02743-NEB-SGE |

**DECLARATION OF MELISSA A. FORTUNATO IN SUPPORT OF
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL**

I, Melissa A. Fortunato, hereby declare as follows:

1. I am a partner at Bragar Eagel & Squire, P.C. ("BES"), counsel for plaintiff Andrew Ranacis ("Plaintiff") in the above-captioned stockholder derivative action (the "Action"). I am a member in good standing of the Bar of the State of New York, and I was admitted *pro hac vice* to appear in the Action on July 11, 2025. ECF No. 26.

2. I have been personally involved in the prosecution of the Action since inception and have personal knowledge of the issues described herein. If called upon, I could and would testify competently thereto.

3. I submit this declaration in support of Plaintiff's Reply in support of Motion for Voluntary Dismissal. ECF No. 49.

4. Plaintiff filed his Verified Stockholder Derivative Complaint on July 1, 2025 (ECF No. 1) and Defendants[1] filed their motion to dismiss, or in the alternative, to stay this Action ("Motion to Dismiss") (ECF No. 33) on July 17, 2025. A hearing on the Motion to Dismiss was scheduled for October 8, 2025 (ECF No. 44), but by Order dated August 20, 2025, the Court stayed the briefing schedule on the Motion to Dismiss and struck the scheduled hearing from the Court's calendar (ECF No. 51).

5. On August 5, 2025, I informed Defendants' counsel that rather than oppose the Motion to Dismiss, Plaintiff planned to seek a voluntary dismissal of the Action and would instead send a litigation demand to Target's Board of Directors. I asked if Defendants would oppose or

---

[1] Brian C. Cornell, David P. Abney, Douglas M. Baker, Jr., George S. Barrett, Gail K. Boudreaux, Robert L. Edwards, Donald R. Knauss, Christine A. Leahy, Monica C. Lozano, Grace Puma, Derica W. Rice, Dmitri L. Stockton, Melanie L. Healey, and Mary E. Minnick (collectively, the "Individual Defendants") and Nominal Defendant Target Corporation (collectively, "Defendants").

be amenable to such a motion. Defendants' counsel said he would let me know after discussing the matter with his clients.

6. On or around the same day, I spoke with plaintiffs' counsel in the related shareholder derivative action pending in the Middle District of Florida ("Florida Counsel") captioned, *In re Target Shareholder Derivative Litigation*, No. 2:25-cv-00021-JLB-KCD (M.D. Fla.) (the "Florida Derivative Action"), who had previously asserted their intention to intervene in the Action. I informed Florida Counsel of our intention to file a voluntary dismissal motion, and that therefore an intervention may not be necessary.

7. On August 8, 2025, Defendants' counsel responded to the August 5, 2025 conversation by email, stating Defendants "would be willing to consent to voluntary dismissal of the action *without prejudice* as to the merits of the claims, if you are willing to agree that the motion would seek dismissal *with prejudice* as to the issue of demand futility." Exhibit C to the Declaration of Alexander J. Rodney In Support of Target and Defendants' Opposition to Plaintiff's Motion for Voluntary Dismissal ("Rodney Declaration" or "Rodney Decl.") (ECF No. 55).

8. Without conceding to Defendant's argument in their Motion to Dismiss that "there is no viable theory of demand futility here under Minnesota law," but because Plaintiff determined that sending a litigation demand would better conserve Target's interests, Plaintiff agreed to a dismissal with prejudice as to demand futility and sent draft papers to Defendants' counsel for review on August 12, 2025.

9. As evidenced by the draft motion for voluntary dismissal and proposed order ("Draft Dismissal Papers") counsel sent to Defendants on August 12, 2025, it was Plaintiff's understanding from the start that dismissal with prejudice as to the issue of demand futility would be *as to Plaintiff only*. *See* Rodney Decl., Ex. C at 5, 7.

10. The next day, on August 13, 2025, we received Defendants' proposed changes to the Draft Dismissal Papers in redline. Therein, Defendants struck the reference "to Plaintiff" with regard to dismissing with prejudice as to demand futility and added the following language as a reason for dismissal: "and in light of the arguments Defendants' presented in their motion to dismiss with respect to the issue of demand futility." Rodney Decl. Ex D. at 5, 7. Plaintiff was not amenable to the proposed changes.

11. After receiving the redline, in an effort to reach an agreement on the contested language, I had several additional conversations with Defendants' counsel on at least August 13, and 14, 2025. In the course of our discussions, Defendants' counsel said Defendants would argue that a stipulated dismissal with prejudice as to demand futility in the Action would have a preclusive effect on the Florida Derivative Action.

12. On August 18, 2025, I called Defendants' counsel to confirm that because we were unable to agree on the terms of the voluntary dismissal that we would be filing a motion requesting voluntary dismissal without prejudice and that Defendants would oppose it. Defendants' counsel confirmed by email that day that they would oppose such a motion. Rodney Decl., Ex. E.

13. Also on August 18, 2025, I called Florida Counsel and informed them that we had been unable to reach an agreement with Defendants' as to the terms of the voluntary dismissal with regard to demand futility, and as a result, we would be filing an opposed motion for voluntary dismissal without prejudice.

14. On August 19, 2025, Plaintiff filed his Motion and [Proposed] Order for Voluntary Dismissal. ECF No. 49.

15. On September 3, 2025, Plaintiff informed counsel that he had decided to no longer pursue the Action or any further remedies related to the wrongdoing alleged against Defendants.

Despite counsel's efforts to communicate with Plaintiff by phone and email, he has been unresponsive.

  16.  On September 12, 2025, counsel informed the Court regarding Plaintiff's decision to no longer pursue the Action. ECF No. 58.

  I declare under penalty of perjury that the foregoing representations are true and correct. Executed this 19th day of September, 2025, at Shandaken, New York.

                */s/ Melissa A. Fortunato*
                Melissa A. Fortunato