## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW RANACIS, derivatively on behalf of TARGET CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, DIMITRI L. STOCKTON, MELANIE L. HEALEY, and MARY E. MINNICK,<br><br>Defendants,<br><br>and<br><br>TARGET CORPORATION<br><br>Nominal Defendant. | Case No. 25-CV-2743 (NEB/SGE)<br><br><br><br>ORDER |

Andrew Ranacis filed a derivative action against Target and Target's board. Ranacis no longer wishes to pursue this action and moves to voluntarily dismiss. Because Ranacis presents a proper explanation, this case is in its early stages, and Defendants will not be prejudiced by dismissal, the Court grants the motion. (ECF No. 49.)

## BACKGROUND

This action is one of many derivative actions alleging violations of federal securities law and breach of fiduciary duty in connection with Target's Pride collection. (ECF No. 1.) When this action was filed, there were several actions pending in the Middle District of Florida. *In re Target S'holder Deriv. Litig.*, 25-CV-21 (M.D. Fla.). After the Court held a hearing on the present motion, those actions were transferred to this Court. *Id.*, ECF No. 68 (granting motion to transfer venue).

A few weeks after Ranacis filed his complaint, Defendants moved to dismiss, arguing that Ranacis did not make a demand on Target's Board, as required by Minnesota law. (ECF Nos. 33, 35 at 13–16.) Before the response was due, Ranacis moved to voluntarily dismiss the suit. (ECF No. 49.)

Initially, Ranacis planned to make a demand on Target's Board, and he was "amendable to dismissing with prejudice as to demand futility, but *only as to Plaintiff*." (ECF No. 59 at 6.) But "Defendants would not agree to the qualifier 'as to Plaintiff only' and Plaintiff saw no basis to dismiss the unadjudicated issue of demand futility with prejudice in a representative derivative action." (*Id.*)[1]

---

[1] Defendants assert that Plaintiff changed his mind after Florida derivative plaintiffs "made threats against Plaintiff's counsel if Plaintiff did not voluntarily dismiss his action without prejudice." (ECF No. 55 ¶ 11.) Plaintiff's counsel disputes this characterization. (ECF No. 59 at 6.)

Later, Ranacis "informed counsel that he had decided to no longer pursue the above-captioned action . . . or any further remedies related to the wrongdoing alleged against Defendants." (ECF No. 58.) Ranacis has since been unresponsive to counsel. (*Id.*)

Defendants oppose Ranacis's motion to voluntarily dismiss and ask the Court to dismiss the complaint with prejudice as to demand futility.

## ANALYSIS

A plaintiff may voluntarily dismiss a derivative action with the Court's approval. Fed. R. Civ. P. 23.1(c); *see* Fed. R. Civ. P. 41(a)(2). Whether to allow a plaintiff to voluntarily dismiss rests in the Court's sound discretion. *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir.1999). The Court considers several factors in exercising its discretion: (1) "whether the party has presented a proper explanation for its desire to dismiss"; (2) "whether a dismissal would result in a waste of judicial time and effort"; and (3) "whether a dismissal will prejudice the defendants." *Id.* A party may not dismiss "merely to escape an adverse decision" or "to seek a more favorable forum." *Id.*

### I.     Ranacis's Explanation

The Court is satisfied with Ranacis's explanation for his desire to dismiss: He no longer wishes to pursue any lawsuit based on the allegations in the complaint. Ranacis is not moving to voluntarily dismiss to seek a more favorable forum or escape an adverse decision. *See id.*

3

Ranacis makes clear that he will not seek any remedies in any forums, so forum-shopping is not a concern. And now that the Florida derivative actions have been transferred to this Court, there are no concerns that Ranacis is dismissing his action so that derivative plaintiffs may advance litigation in a forum they perceive as more advantageous. In fact, Ranacis persisted in his motion even after the Florida action was transferred. Ranacis is not forum-shopping.

Nor is Ranacis moving for voluntary dismissal to avoid an adverse decision. Instead, he is moving to dismiss because he no longer wishes to prosecute this case, as evidenced by his failure to communicate with counsel. But the presence of a pending motion to dismiss is not dispositive. *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace*, 999 F.2d 1257, 1262 (8th Cir. 1993) ("While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive"). The Court is convinced that Ranacis will not advance a similar suit, so an adverse decision is meaningless to Ranacis.

Defendants assert that Ranacis is avoiding an adverse decision that would bind other plaintiffs in the consolidated action. But that consolidated action is currently before the Court, and the Court will decide any issues raised in any motions to dismiss in those actions. Derivative plaintiffs are gaining minimal, if any, tactical advantages by granting the pending motion to voluntarily dismiss.

Meanwhile, Defendants would gain a significant tactical advantage if the Court—as Defendants recommend—deny the motion to voluntarily dismiss and dismiss with prejudice based on demand futility to bind plaintiffs across all derivative actions before the Court. The Court is convinced that this would be the worst way to proceed. Defendants' motion to dismiss is not fully briefed, and Ranacis's counsel makes clear that its briefing would be limited because Ranacis is not communicating with them. (ECF No. 59 at 7 ("Plaintiff has become uncommunicative, which is a barrier to continued briefing on the motion to dismiss.").) The Court would far prefer to proceed on full and robust briefing.

## II.    Judicial Time and Effort

This proceeding is in its early stages, which militates in favor of granting the motion. Wright & Miller's Federal Practice and Procedure § 2364 (4th ed. 2025) ("Quite naturally, if the motion is made at a case's early stage, before much has happened and the defense has invested only limited human and financial resources, the district court is more likely to grant a dismissal than if the case has reached a later stage."). Ranacis filed his complaint in July 2025, and Defendants moved to dismiss a few weeks later. (ECF Nos. 1, 33). Ranacis moved to dismiss in mid-August, (ECF No. 49), and the Court stayed briefing on Defendants' motion to dismiss. (ECF No. 51).

5

Ranacis expeditiously brought this motion within two months of bringing this action, before any court involvement, other than text-only briefing orders. *See Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) ("The grant of voluntary dismissal did not result in a waste of judicial time and effort, because the case had not progressed very far. The magistrate judge held two hearings on discovery disputes, but the case was still in the early stages of discovery."). The Court is satisfied that its time and effort will not be wasted in granting voluntary dismissal.

### III.    Prejudice to Defendants

Prejudice to Defendants does not warrant denying the motion. Defendants might have to re-brief demand futility and wait for the Court's ruling on that motion. But that is not enough to warrant denying a motion to voluntarily dismiss—prejudice that is limited to defending another suit is insufficient to warrant denying a motion for voluntary dismissal. *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) ("Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit."). Defendants are not entitled to a ruling on the

merits to bind all derivative plaintiffs, and the absence of a ruling does not result in prejudice.[2]

IV.    Notice

Notice of a voluntary dismissal "must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). Although this language suggests notice is required, courts have dispensed with the requirement when derivative plaintiffs will not be prejudiced by the lack of notice. *Sheinberg v. Fluor Corp.*, 91 F.R.D. 74 (S.D.N.Y. 1981).

The Court will dispense with the notice requirement because derivative plaintiffs will not be prejudiced by the lack of notice. Currently pending before the Court are several consolidated derivative suits alleging substantially similar claims. *See Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund on Behalf of Elecs. for Imaging, Inc. v. Gecht*, No. C-06-7274 EMC, 2007 WL 9822669 (N.D. Cal. Apr. 3, 2007) ("In the instant case, it is unlikely that the dismissal would prejudice the corporation given that the same or similar claims are being litigated in the two related cases in this Court as well as a case

---

[2] Much of Defendants' assertions of prejudice refence the unfairness of having to litigate demand futility across the country in a venue unfamiliar with Minnesota law. Those concerns are moot now that the Florida actions have been transferred to this Court.

in another fora (i.e., Delaware state court).”). Plaintiffs do not have to provide notice of voluntary dismissal.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Motion for Voluntary Dismissal (ECF No. 49) is GRANTED;

2.  Defendants' Motion to Dismiss (ECF No. 33) is DENIED AS MOOT;

3.  Plaintiff's Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel (ECF No. 81) is DENIED AS MOOT;

4.  The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE;

5.  The Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE as to Plaintiff Ranacis as to demand futility.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 27, 2026                          BY THE COURT:

                                               s/Nancy E. Brasel
                                               Nancy E. Brasel
                                               United States District Judge